## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| THE LOST CAJUN ENTERPRISES, LLC | ) | Lead Bankruptcy Case No. 21-12072-JGR |
| | ) | Chapter 11 |
| Debtor. | ) | |
| | ) | |
| In re: | ) | |
| | ) | |
| THE LOST CAJUN SPICE COMPANY, LLC | ) | |
| | ) | Bankruptcy Case No. 21-12076-JGR |
| | ) | Chapter 11 |
| Debtor. | ) | |

**DEBTORS' MOTION FOR ORDER AUTHORIZING JOINT ADMINISTRATION PURSUANT TO BANKRUPTCY RULE 1015 AND LOCAL BANKRUPTCY RULE 1015-1**

The debtors and debtors-in-possession in the above-captioned cases (each a "Debtor," and collectively, the "Debtors"), by and through their undersigned proposed counsel, hereby move this Court pursuant to Rule 1015 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1015-1 of the Local Rules of the United States Bankruptcy Court for the District of Colorado (the "Local Rules"), authorizing the Debtors to jointly administer their chapter 11 cases (the "Chapter 11 Cases"):

### JURISDICTION

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are section 105(a) of the Bankruptcy Code, along with Bankruptcy Rule 1015 and Rule 1015-1 of the Local Rules.

### BACKGROUND

2. On April 21, 2021 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), Subchapter V, Small Business Debtor Reorganization.

3. The Debtors continue to operate their business as debtors in possession pursuant to section 1184 of the Bankruptcy Code.

4. The Lost Cajun Enterprises, LLC ("Franchisor") was formed in 2012 to franchise the famous "The Lost Cajun Restaurants®" after the success of the original The Lost Cajun®

57810616;1

restaurant in Frisco, Colorado (founded in October 2010) and then The Lost Cajun® restaurant in Breckenridge, Colorado (founded in 2012).

5. The Lost Cajun restaurants feature southern-style home cooking, such as fried catfish, shrimp, oysters, authentic Louisiana Gumbo, po-boys and beignets.

6. The restaurants utilize proprietary recipes, which must meet certain specifications, and many such recipes call for a proprietary blend of spices and certain other ingredients (collectively, the "Goods"). The proprietary spices are not only featured in the recipes, but they are also available for purchase by customers in the restaurants.

7. In 2016, the Lost Cajun Spice Company, LLC ("Spice"), was formed to coordinate the sale and distribution of Goods to the restaurants. Spice utilizes the services of a third-party to fulfill the orders from and distribute the Goods to the franchisee-restaurants.

8. In 2018, Franchisor, Spice, and certain other parties entered into a buy-sell agreement where, among other things, Franchisor and Spice purchased all of minority-member Jonathan Espey's interest in Franchisor and Spice, with the purchase price to be paid out over time (the "Buy-Sell Agreement"). When the agreement was entered into fifteen franchise restaurants were open, there were eight restaurants with planned new openings in 2018, and approximately eleven new restaurants were in the pipeline with the expectation that the franchisor would have ten new franchise store openings on average per year.

9. In 2020, the business of the Debtors and that of their franchisees fell victim to the global COVID-19 pandemic. The Debtors were forced into a number of cost saving measures, including, but not limited to, salary reductions for employees, reductions or the elimination of franchise fees for financially distressed franchisees whose restaurants may either be closed or operating at greatly reduced capacities, and the cessation of payments under the Buy-Sell Agreement.

10. Despite assistance from the Debtors, a number of The Lost Cajun franchisees failed and those that remain open suffered significant revenue losses, with some indicating to Franchisor that closings are imminent.

11. Given that the restaurant count has shrunk and is anticipated to continue to shrink as a result of COVID and its aftermath, the Debtors filed the instant cases to reorganize their debts and obligations so that Debtors are not, going forward, insolvent.

## RELIEF REQUESTED

12. By this Motion, the Debtors seek the entry of an order, pursuant to section 105(a) of the Bankruptcy Code, Bankruptcy Rule 1015 and Local Rule 1015-1, directing the joint administration of the Chapter 11 Cases for procedural purposes only.

13. Many of the motions, applications, hearings and orders that will arise in these Chapter 11 Cases will jointly affect both Debtors. For this reason, the Debtors respectfully submit

that the interests of the Debtors, their creditors and other parties in interest would be best served by the joint administration of these Chapter 11 Cases. In order to optimally and economically administer the Chapter 11 Cases, such cases should be jointly administered, for procedural purposes only, under the lower case number of the above-captioned cases.

14. The Debtors further request that the caption of the Chapter 11 Cases be modified to reflect their joint administration as provided in Local Rule 1015-1(b)(1). The Debtors also request that the Clerk of the Court maintain one file and one docket for the Chapter 11 Cases such that all papers must be filed, docketed, and processed in the lead case, except as set forth in Local Rules 1015-1(2)(A)-(D).

## BASIS FOR RELIEF REQUESTED

15. Pursuant to Bankruptcy Rule 1015(b), if two or more petitions are pending in the same court by or against a debtor and an affiliate, "the Court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). In this case, the Debtors are affiliates with common ownership, management, and operational structure, and accordingly, this Court has the authority to grant the relief requested herein.

16. Additionally, the joint administration of the Debtors' respective estates will ease the administrative burden on the Court and all parties in interest in these Chapter 11 Cases.

17. The joint administration of these Chapter 11 Cases will also permit the Clerk of the Court to utilize a single docket for both of the Chapter 11 Cases (except as set forth in Local Rules 1015-1(2)(A)-(D)) and to combine notices to creditors and other parties in interest in the Debtors' respective cases. In addition, there will likely be numerous motions, applications, and other pleadings filed in these Chapter 11 Cases that will affect both of the Debtors. Joint administration will permit counsel for all parties in interest to include the Chapter 11 Cases in a joint caption for the numerous documents that are likely to be filed and served and file them in the lead case. Joint administration will also enable parties in interest in each of the Chapter 11 Cases to stay apprised of all the various matters before the Court.

18. Joint administration of these Chapter 11 Cases will not prejudice or adversely affect the rights of the Debtors' creditors because the relief sought herein is purely procedural and is not intended to affect substantive rights. Because these Chapter 11 Cases involve two Debtors, joint administration will significantly reduce the volume of paper that otherwise would be filed with the Clerk of this Court, render the completion of various administrative tasks less costly and minimize the number of unnecessary delays. Moreover, the relief requested by this Motion will also simplify supervision of the administrative aspects of these Chapter 11 Cases by the Office of the United States Trustee.

19. For these reasons, the Debtors submit that the relief requested herein is in the best interests of the Debtors, their estates and creditors, and therefore should be granted.

## **CONCLUSION**

WHEREFORE, the Debtors respectfully request that this Court enter an order substantially in the form filed herewith granting the requested relief and such other and further relief as it deems just and proper.

This 22nd day of April, 2021.

AKERMAN LLP

*/s/ David W. Parham*
David W. Parham, SBN: 15459500
2001 Ross Avenue, Suite 3600
Dallas, TX 75201
Telephone: (214) 720-4300
Facsimile: (214) 981-9339
david.parham@akerman.com
*and*
Amy M. Leitch, #46837
50 North Laura Street, Suite 3100
Jacksonville, FL 32202
Telephone: (904) 798-3700
Facsimile: (904) 798-3730
amy.leitch@akerman.com

PROPOSED COUNSEL FOR DEBTOR AND
DEBTOR-IN-POSSESSION

57810616;1